**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARATHON OIL COMPANY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:21-cv-01262** |
| **v.** | § | |
| | § | |
| **KOCH ENERGY SERVICES, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT KOCH ENERGY LLC'S AMENDED ANSWER AND AFFIRMATIVE**
**DEFENSE TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendant Koch Energy Services, LLC ("Koch Energy") files this Amended Answer, and Affirmative Defense to Plaintiff Marathon Oil Company's ("Marathon") First Amended Petition (the "Petition").

**I.    PARTIES**

1.      Koch Energy admits to the information contained in paragraph 1 of the Petition.

2.      Koch Energy admits to the information contained in paragraph 2 of the Petition.

**II.    JURISDICTION AND VENUE**

3.      Koch Energy denies the allegations in paragraph 3 only because the case was removed to federal court. Koch Energy admits only that this Court has subject matter jurisdiction.

4.      Koch Energy admits to the information contained in paragraph 4 of the Petition.

5.      Koch Energy admits only that the Court has personal jurisdiction over Koch Energy.  Koch Energy denies the remaining allegations in paragraph 5 of the Petition.

6.      Koch Energy admits only that venue is proper, as alleged in paragraph 6 of the Petition and denies any application of venue laws based on the Texas Civil Practice and Remedies Code.

7.      The allegations in paragraph 7 of the Petition are legal conclusions related to state court rules that require no response. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). To the extent an answer is required, Koch Energy denies the allegations contained in paragraph 7 of the Petition.

### III.      DISCOVERY CONTROL PLAN

8.      The allegations in paragraph 8 of the Petition are legal conclusions related to state court rules that require no response. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). To the extent an answer is required, Koch Energy denies the allegations contained in paragraph 8 of the Petition.

### IV.      FACTUAL BACKGROUND

9.      Koch Energy admits only that the lawsuit speaks for itself. Koch Energy denies the allegations contained in paragraph 9 of the Petition, including any suggestion that Marathon's declaration of force majeure was proper.

10.      Koch Energy admits to the allegations contained in paragraph 10 of the Petition.

11.      Koch Energy admits to the allegations contained in paragraph 11 of the Petition.

12.      Koch Energy admits only that the agreement was properly reflected in Deal Number 885742, which was subject to the base agreement. Koch Energy denies the remaining allegations contained in paragraph 12 of the Petition.

13.      Koch Energy admits only that the agreement was properly reflected in Deal Number 890984, which was subject to the base agreement. Koch Energy denies the remaining allegations contained in paragraph 13 of the Petition.

14.      Koch Energy lacks the information to admit or deny the information contained in paragraph 14 of the Petition. To the extent an answer is required, Koch Energy denies the

allegations contained in paragraph 14 of the Petition.

15.     Koch Energy lacks the information to admit or deny the information contained in paragraph 15 of the Petition. To the extent an answer is required, Koch Energy denies the allegations contained in paragraph 15 of the Petition.

16.     Koch Energy admits that Transaction Confirmation Nos. 346595 and 346762 speak for themselves and that the Bennington Hub was the agreed upon delivery point. Koch Energy denies the remaining allegations contained in paragraph 16 of the Petition.

17.     Koch Energy lacks the information to admit or deny the information contained in paragraph 17 of the Petition. To the extent an answer is required, Koch Energy denies the allegations contained in paragraph 17 of the Petition.

18.     Koch Energy admits only that the Base Contract speaks for itself. Koch Energy denies the remaining allegations in paragraph 18 of the Petition.

19.     Koch Energy admits only that the Base Contract speaks for itself. Koch Energy denies the remaining allegations in paragraph 19 of the Petition.

20.     Koch Energy denies the allegations contained in paragraph 20 of the Petition.

21.     Koch Energy admits that Marathon sent the referenced notice. Koch Energy denies the remaining allegations contained in paragraph 21 of the Petition.

22.     Koch Energy admits that Marathon sent the referenced notice. Koch Energy denies the remaining allegations contained in paragraph 22 of the Petition.

23.     Koch Energy admits the allegations contained in paragraph 23 of the Petition.

24.     Koch Energy admits the allegations contained in paragraph 24 of the Petition.

25.     Koch Energy lacks the information to admit or deny the information contained in paragraph 25 of the Petition. To the extent an answer is required, Koch Energy denies the

allegations contained in paragraph 25 of the Petition.

26.     Koch Energy admits the allegations contained in paragraph 26 of the Petition.

27.     Koch Energy denies the allegations contained in paragraph 27 of the Petition.

28.     Koch Energy admits only that no sums are owed. Koch Energy denies the remaining allegations in paragraph 28 of the Petition.

29.     Koch Energy admits the allegations contained in paragraph 29 of the Petition.

30.     Koch Energy admits the allegations contained in paragraph 30 of the Petition.

31.     Koch Energy admits that Marathon denies that it owes $9,820,964. Koch Energy denies the remaining allegations contained in paragraph 31 of the Petition.

32.     Koch Energy denies the allegations contained in paragraph 32 of the Petition.

33.     Koch Energy admits only that the Base Contract speaks for itself and that Marathon disputes this amount. Koch Energy denies the remaining allegations contained in paragraph 33 of the Petition.

34.     Koch Energy admits only that the Base Contract speaks for itself and that Marathon disputes this amount. Koch Energy denies the remaining allegations contained in paragraph 34 of the Petition.

35.     Koch Energy denies the allegations contained in paragraph 35 of the Petition.

## V.     CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT

36.     Koch Energy responds by incorporating its responses to paragraphs 1-35 in this First Amended Answer.

37.     Paragraph 37 asserts a legal conclusion to which no response is required. To the extent that a response is required, admit.

38.     Paragraph 38 asserts a legal conclusion to which no response is required. To the extent that a response is required, Koch Energy admits only that the stated request for declaratory relief speaks for itself.

39.     Paragraph 39 asserts a legal conclusion to which no response is required. To the extent that a response is required, Koch Energy admits only that the stated request for declaratory relief speaks for itself.

<strong>COUNT II: BREACH OF CONTRACT</strong>

40.     Koch Energy responds by incorporating its responses to paragraphs 1-39 in this First Amended Answer.

41.     Koch Energy admits the information contained in paragraph 41 of the Petition.

42.     Koch Energy admits that Marathon would sell, and Koch Energy would buy, gas from the Bennington Hub delivery point pursuant to Deal Nos. 885742and 890984. Koch Energy denies the remaining allegations contained in paragraph 42 of the Petition.

43.     Koch Energy admits that Marathon sold $22.150,13.74 of gas to Koch in February 2021. Koch Energy denies the remaining allegations contained in paragraph 43 of the Petition.

44.     Koch Energy denies the allegations contained in paragraph 44 of the Petition.

45.     Koch Energy denies the allegations contained in paragraph 45 of the Petition.

46.     Koch Energy denies the allegations contained in paragraph 46 of the Petition.

47.     Koch Energy denies the allegations contained in paragraph 47 of the Petition.

<strong>VI.   CONDITIONS PRECEDENT</strong>

48.     Paragraph 48 asserts a legal conclusion to which no response is required. To the extent a response is required, Koch Energy denies the assertions contained in paragraph 48 of the Petition.

## VII.    ATTORNEYS' FEES

49.    The allegations in paragraph 49 of the Petition are legal conclusions related to state court rules that require no response.

## VIII.    JURY DEMAND

50.    Paragraph 50 asserts a legal conclusion to which no response is required.

## IX.    PRAYER

Marathon's prayer includes legal conclusions that do not require a response. Nevertheless, Koch Energy denies that Marathon is entitled to any of the requested relief.

### AFFIRMATIVE DEFENSES

51.    Marathon's purported claims are barred in whole or in part by Marathon's failure to satisfy all conditions precedent because Marathon's notice of force majeure did not include with "reasonably full particulars" those matters precluding Marathon's firm obligation at the agreed upon delivery point.

### PRAYER FOR RELIEF

For the foregoing reasons, Koch Energy requests that the Court enter judgment in favor of Koch Energy that, and find that:

a.    Marathon take nothing;

b.    The Court awards Koch Energy with actual damages and court costs;

c.    The Court awards Koch Energy pre-judgment and post-judgment interest as allowed under the law; and

d.    The Court awards Koch Energy all other relief in law and in equity, to which it may be justly entitled.

Respectfully submitted,

MᶜDOWELL HETHERINGTON, LLP

By: */s/ David T. McDowell*
David T. McDowell – Attorney in Charge
   State Bar No. 00791222
   SDTX No. 18464
   david.mcdowell@mhllp.com
William B. Thomas
   State Bar No. 24083965
   SDTX No. 2137893
   william.thomas@mhllp.com

First City Tower
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

**ATTORNEYS FOR KOCH ENERGY
SERVICES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on this 6th day of May, 2021, on the following counsel of record via the CM/ECF system:

Timothy C. Shelby
Monica Uddin
Justin S. Rowinsky
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, PC
1221 McKinney, Suite 2500
Houston, Texas 77010
(713) 665-1101
tshelby@azalaw.com
muddin@azalaw.com
jrowinsky@azalaw.com
*Attorneys for Plaintiff*

*/s/ David T. McDowell*
David T. McDowell