UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARATHON OIL COMPANY,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:21–CV–1262 |
| KOCH ENERGY SERVICES, LLC,<br>*Defendant.* | §<br>§<br>§ | |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

    The parties met by Zoom on August 4, 2021. Tim Shelby and Luke Ott attended for Marathon. Will Thomas attended for Koch.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

    None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

    The parties had a NAESB Agreement providing for the firm delivery and purchase of natural gas during February 2021's winter storm. Marathon, the supplier, issued a force majeure declaration that Koch contests, claiming that Marathon owes cover damages for the gas it did not deliver during the force majeure period.

    Marathon has accordingly sought a declaratory judgment that its force majeure declaration was proper and excused any failure of performance, and that Marathon accordingly owes no damages to Koch. Marathon has also claimed breach of contract under the theory that Koch engaged in impermissible "netting" whereby it deducted the $9,820,964 in alleged "cover damages" from what is actually owed to Koch and that this "netting" constitutes improper self-help.

    Koch denies it breached the contract and asserts as an affirmative defense that Marathon did not satisfy all conditions precedent because its notice of force majeure did not include with "reasonably full particulars" those matters precluding its firm obligations at the agreed upon delivery point.

1

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   Diversity.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   None at this time.

6. **List any anticipated interventions. Briefly explain why.**

   None at this time.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   None at this time.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   The parties have not completed initial disclosures. The parties have agreed to complete and serve these disclosures by September 1, 2021.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   None.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

       - August 10, 2021.

    b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

       - Plaintiff anticipates serving interrogatories on the Defendant by August 20, 2021 and foresees no need to adjust the limit of 25 interrogatories per party.

    c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

       - August 20, 2021.

    d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

- Plaintiff anticipates taking oral depositions of Koch's material fact witnesses, experts, and perhaps others not later than April 29, 2022 and foresees no reason to adjust the limit of 10 depositions per side at this time.

    e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

- Defendant anticipates taking oral depositions of Plaintiff's material fact witnesses, experts, and perhaps others not later than April 29, 2022 and foresees no reason to adjust the limit of 10 depositions per side at this time.

    f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

- Plaintiff anticipates being able to make initial expert disclosures and provide expert reports by January 17, 2022. Rebuttal experts can be designated and their reports filed by February 16, 2022.

    g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

- Plaintiff anticipates taking the depositions of any and all of Koch's testifying experts (including rebuttal experts) and completing these depositions by March 18, 2022.

    h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

- Defendant anticipates taking the depositions of any and all of Marathon's testifying experts (including rebuttal experts) and completing these depositions by April 15, 2022.

**11.** **State the date by which the parties can reasonably complete the planned discovery.**

May 20, 2022.

**12.** **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

None.

**13.** **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties intend to conduct an informal settlement conference within the next 45 days to determine what possibilities exist to promptly resolve this dispute.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

    The parties are agreeable to mediating this dispute and can do so following the close of discovery.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not consent to a magistrate judge hearing this case.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Marathon has made a timely jury demand.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    40 hours.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    None.

19. **List other pending motions.**

    None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

    None.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

    Proposed scheduling and docket control order is submitted herewith.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed its Disclosure of Interested Persons on May 10, 2021. Defendant filed its Disclosure of Interested Persons on May 5, 2021. There have been no amendments filed.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

    The declaration from Koch Energy Services, LLC is attached to this report.

**24.** **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

See signature block below:

**Date: August 10, 2021**

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

*s/ Tim Shelby*
TIM SHELBY
Texas Bar No. 24037482
Federal ID No. 39044
tshelby@azalaw.com
MONICA UDDIN
Texas Bar No. 24075195
Federal ID No. 1138459
muddin@azalaw.com
LUKE OTT
Texas Bar No. 24116864
Federal ID No. 3498645
lott@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
(713) 655-1101 – Phone
(713) 655-0062 – Fax

*Counsel for Plaintiff*

**MCDOWELL HETHERINGTON, LLP**

*/s/ David T. McDowell*
DAVID T. MCDOWELL
Texas Bar No. 00791222
SDTX No. 18464
davidmcdowell@mhllp.com
WILLIAM B. THOMAS
Texas Bar No. 24083965
SDTX No. 2137893
william.thomas@mhllp.com
1001 Fannin Street, Suite 2700
Houston, Texas 77002
(713) 337-5580 – Phone
(713) 337-8850 – Fax