United States District Court
Southern District of Texas
**ENTERED**
July 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARATHON OIL COMPANY, *Plaintiff* | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-1262 |
| KOCH ENERGY SERVICES, LLC, *Defendant.* | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is a Motion to Certify Order for Interlocutory Appeal and for Stay by Defendant Koch Energy Services ("Koch"). ECF 155. Marathon Oil Company ("Marathon") filed a Response and Koch filed a Reply. ECF 161, 166. Having considered the Parties' submissions and the applicable law, the Court RECOMMENDS that Koch's Motion be DENIED.[1]

### I.    Background

This case involves Marathon's declaration of Force Majeure pursuant to an agreement for the sale and purchase of natural gas between Marathon and Koch in February 2021 during Winter Storm Uri. The Parties had previously agreed that Marathon would sell and Koch would purchase 50,000 MMBtu's per day on a Firm basis from November 1, 2020 until March 31, 2021. On February 15, 2021, Marathon

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 29.

notified Koch that due to freezing temperatures, its ability to ship gas via the Midship

Pipeline was affected and that it was invoking the Force Majeure Clause to be

"relieved of [its] obligation to deliver gas."  ECF 1-2 at ¶¶ 21-22.  Koch rejected

Marathon's declaration of Force Majeure.  *Id.* at ¶ 29.  Marathon filed suit in the

152nd Judicial District Court of Harris County, Texas, seeking a declaration that:

Winter Storm Uri and its impacts on Marathon's operations constitute Force

Majeure; Marathon was excused from performance by its declaration of Force

Majeure; and Marathon owes no damages to Koch.  *Id.* at ¶ 39.  Invoking this Court's

diversity jurisdiction, Koch removed the case to the United States District Court for

the Southern District of Texas.  ECF 1.

This Court granted Marathon leave to file an early Motion for Partial

Summary Judgment limited only to "the legal interpretation of the contract as it

relates to the parties' obligations under the Force Majeure and related provisions of

the contract."  ECF 60.  Marathon filed a Motion for Partial Summary Judgment

asking the Court to determine as a matter of law that "[t]he Base Contract does *not*

require Marathon to purchase available replacement gas on the spot market . . . , buy

back its delivery obligation to Koch, or deliver gas to Koch at the Bennington Hub

on a pipeline other than the Midship Pipeline" before declaring Force Majeure.  ECF

67 at 23 (emphasis in original).  Koch filed its own Motion for Summary Judgment

(ECF 114), contending that Marathon was not entitled to declare Force Majeure

because multiple options for performance of Marathon's Firm obligation existed, including delivery on a different pipeline, the purchase of replacement gas on the spot market, or "buying back" the delivery obligation owed to Koch. ECF 71 at 13-27.

After extensive briefing, the Court issued a Memorandum and Recommendation on May 8, 2023, concluding that:

> Under the terms of the Contract, Plaintiff Marathon Oil Company was not precluded from declaring Force Majeure even if it could have performed by (1) delivering gas to Koch at the Bennington Hub on a pipeline other than the Midship Pipeline; (2) purchasing replacement gas at the Bennington Hub to fulfill its Firm obligations; or (3) buying back all or part of its obligation to deliver natural gas to Defendant Koch Energy Services, LLC.

ECF 141 at 29.   Based upon these conclusions, the Court recommended that Marathon's Motion for Partial Summary Judgment be granted, and that Koch's Motion for Summary Judgment be denied.   The Court adopted the Memorandum and Recommendation in its entirety on June 15, 2023, over Koch's Objection.  ECF 154.

On June 21, 2023, Koch filed the instant Motion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the proceedings to allow for appellate review.  ECF 155.  *Id.*  Koch specifically seeks review of the Court's second conclusion: That Marathon was not precluded from declaring force majeure even if it could still purchase replacement gas at the delivery point.  *Id.* at 1.

 **II.   Legal Standards**

3

Title 28 U.S.C. § 1292(b) authorizes the district court to certify an Order for immediate appeal when the Order: "(1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Sacks v. Tex. S. Univ.*, No. H-18-3563, 2021 WL 4149136, at *1 (S.D. Tex. Apr. 29, 2021). The party seeking interlocutory appeal bears the burden to establish that all three criteria are met for an order to properly be certified. *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2020 WL 1866884, at *1 (W.D. Tex. 2020) (citing *Clark-Dietz & Assocs.-Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983)). "The decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *Id.* at *2 (collecting cases). Interlocutory appeals are generally disfavored, and are generally reserved for "exceptional" cases. *Id.* (citations omitted).

"Review under § 1292(b) looks to the entire certified order 'and is not tied to the particular question formulated by the district court.'" *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 206 (5th Cir. 2018) (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). "This is because § 1292(b) provides for an appeal '*from the order*' and, thus, it is the order that is appealable, not the certified question." *Id.*

III.   **Analysis**

Koch's Motion seeks immediate appellate review of the following question:

> In light of Base Contract Section 3's broad performance obligation, is a gas seller precluded from declaring force majeure under Section 11 if the seller could still perform during the force majeure event, including by purchasing available gas at the delivery point?

ECF 155 at 1.[2]  Koch's Motion should be denied because it has not established all three of the required criteria for immediate appellate review.  Most importantly, Koch has not established that "substantial grounds for difference of opinion" exist. In addition, Koch has not shown that the immediate appeal would materially advance the ultimate termination of the litigation.

### A. Koch has not demonstrated a substantial ground for difference of opinion.

Courts find a substantial ground for difference of opinion "if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are

---

[2] The issue as posed by Koch ignores that the Court based its summary judgment ruling on the particular provisions of the Contract between Marathon and Koch, not simply the provisions of the NAESB form contract.  The Court interpreted the Contract to include both Parties' Transaction Confirmations which identified delivering and receiving pipelines at the Delivery Point.  ECF 141 at 23 (citing ECF 67-3 at 4, § 2.9 (setting forth the Base Contract's definition of "Contract")). Only after concluding "the Contract" included both Parties' Transaction Confirmations did the Court determine that "[t]he Contract does not obligate Marathon to buy gas on the spot market" instead of declaring force majeure. *Id.* at 25-28.

presented." *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868-69 (S.D. Tex. 2013) (quoting 4 AM. JUR.2d *Appellate Review* § 123 (2012)).

Koch urges the Court to find that "substantial grounds for difference of opinion" exist because "at least three federal district court opinions [] disagree as to the appropriate standards that apply vis-à-vis divining the scope of a supplier's delivery obligation when it invokes the Base Contract's force majeure provisions."[3] ECF 155 at 5 (citing *MIECO, LLC v. Pioneer Nat. Res. USA, Inc.*, No. 3:21-CV-1781-B, 2023 WL 2064723 (N.D. Tex. Feb. 15, 2023); *LNG Americas, Inc. v. Chevron Nat. Gas*, No. H-21-2226, 2023 WL 2920940, at *7-*10 (S.D. Tex. Apr. 12, 2023); and *Ark. Okla. Gas Corp. v. BP Energy Co.*, No. 2:21-CV-02073, 2023 WL 3620746, at *5-*13 (W.D. Ark. May 24, 2023)). As observed by Marathon in its Response, no substantial disagreement exists among these cases' interpretation of the NAESB Base Contract. ECF 161 at 3-4. The courts in *MIECO* and *LNG Americas* held that a supplier was not required to purchase and deliver replacement gas from the spot market where it had (1) agreed to provide a fixed amount of gas each day and (2) the suppliers' delivery was interrupted as a direct result of Winter Storm Uri. *MIECO LLC*, 2023 WL 2064723, at *7-*8; *LNG Americas*, 2023 WL 2920940, at *1.

---

[3] While Koch cites to additional authorities in its Motion and Reply (ECF 166), the authorities (1) were adequately addressed by the Court in its Memorandum and Recommendation; (2) are from outside this Circuit; and/or (3) are factually distinguishable.

The holding in *Ark. Okla. Gas Corp. v. BP* does not conflict with the holdings in *MEICO* and *LNG Americas*; to the contrary, it supports them. *Ark. Okla. Gas Corp. v. BP* concerned a "no-notice" gas supply contract, which required the supplier, BP, to deliver gas to AOG on demand and without advance notice of how much gas AOG would need. *Ark. Okla. Gas Corp. v. BP*, 2023 WL 3620746, at *2, 4. The contract required BP to deliver up to 30,000 MMBtu of natural gas per day to AOG at four different locations on the Ozark Pipeline. *Id.* at *1. The court's opinion discusses the various sources and types of supply available to BP to meet AOG's gas requirements. Some of the sources were subject to firm transportation and some were interruptible. *Id.* at *4-*7. Historically, BP had firm supply and transportation in place only for the amounts of gas AOG generally needed which ranged from 10,000 to 12,000 MMBtu's per day. *Id.* at *8. The remaining 18,000 to 20,000 MMBtu supply available to BP was subject to agreements that did not secure a firm supply of gas. The court found that BP's decision to have firm supply and transportation contracts which satisfied only the amount of OAG's historical daily natural gas needs was a conscious business decision "reasonably within the control of BP." *Id*. at *8-*9 (citing the General Terms and Conditions § 11.1). After thoroughly examining the contract, the various supply and transportation arrangements BP used to source its obligation to supply up to 30,000 MMBtu's of natural gas to AOG, and the various reasons those sources failed to be available to

BP during Winter Storm Uri, the court concluded that the loss of BP's firm gas supply *was excused* by force majeure, but the loss of the interruptible supply and the difference between the full amount and the amount BP had actually arranged to deliver, was *not excused* by force majeure. *Id.* at *11. In other words, the court found BP's failure to enter into firm contracts for the full 30,000 MMBtu's was a "business decision" within BP's reasonable control and therefore BP's resulting inability to obtain the full amount of gas needed by AOG was excused only to the extent BP had arranged for firm sources of supply and transportation as opposed to interruptible sources or spot market purchases. *Id.* at *9. Nothing about the holding in *Ark. Okla. Gas Corp. v. BP* demonstrates a substantial ground for a difference of opinion regarding this Court's Order on the Parties' summary judgment motions.

Koch cites no authority, in this Circuit or otherwise, obligating a seller to purchase replacement gas on the spot market under the circumstances present here. Accordingly, Koch has failed to establish that substantial ground for difference of opinion exists, and its Motion should be denied.

### B. Koch has failed to demonstrate that an immediate appeal will materially advance the ultimate termination of the litigation.

In addition, Koch's Motion should be denied because it has not met the third criteria for immediate appeal by showing the appeal will materially advance the ultimate termination of the litigation. To determine whether an interlocutory appeal would "materially advance the ultimate termination of the litigation," a district court

examines whether an immediate appeal would "(1) eliminate the need for trial, (2) eliminate complex issues as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Crankshaw*, 2020 WL 1866884, at *3 (quoting *Coates*, 919 F. Supp. 2d at 867).

Koch's appeal, regardless of the outcome, will not eliminate the need for a trial in this case. The Order Koch seeks to certify simply interpreted the Parties' contract to determine whether a declaration of force majeure was precluded if performance was possible by shipping on another pipeline, purchasing gas on the spot market, or buying back the obligation. Even if Koch were to win an immediate appeal, a trial may still be necessary to determine whether purchasing on the spot market, delivering on another pipeline, or buying back the purchase obligation were reasonable alternative methods of performance. Furthermore, Marathon has filed another motion for summary judgment which it believes will terminate the case. ECF 151. Thus, an immediate appeal at this stage will not "materially advance the ultimate termination of the litigation."

Delay of the proceedings is a "particularly strong ground for denying appeal if certification is sought from a ruling made shortly before a trial expected to be brief . . . ." Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed.). The case is currently set for docket call on December 8, 2023 (ECF 113) and discovery has already been conducted. ECF 161 at 2. The Court agreed to

entertain an early motion for summary judgment on the interpretation of the Contract in order to streamline the issues the Parties would need to present at trial.  Now that the Court has performed the analysis and issued the Order interpreting the Contract, the trial in this case should be streamlined.  As noted by Marathon in its Response, if it is entitled to a second summary judgment, the need for trial may be eliminated altogether.

In sum, Koch has failed to demonstrate a substantial ground for a difference of opinion regarding the summary judgment ruling.  In addition, certifying the Court's order for interlocutory review would not materially advance the termination of the litigation and would inject delay.  Accordingly, the Court recommends that its Order not be certified for interlocutory appeal.  In turn, the Motion for a Stay should also be denied.

## III.  Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Koch's Motion for Leave to Certify Order for Interlocutory Appeal and for Stay be DENIED in full.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.


Signed on July 27, 2023, at Houston, Texas.


Christina A. Bryan
United States Magistrate Judge

11